

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 13 2022
ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION

**RICHARD'S DISPOSAL, INC.**                                               **PLAINTIFF**

**V.**                                                         CAUSE NO. 3:22-cv-396-KHJ-MTP

**CITY OF JACKSON, MISSISSIPPI**                              **DEFENDANT**

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, Richard's Disposal, Inc., ("RDI"), pursuant to Mississippi Code Annotated Section 31-7-57(2) and files its Complaint against Defendant, City of Jackson, Mississippi ("COJ"). In support of its Complaint, RDI shows the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff RDI is a Louisiana Corporation qualified to do business in the State of Mississippi.

2. Defendant COJ is a Mississippi municipality located in Hinds County, Mississippi. It may be served with the process of this Court by serving the City Clerk, Angela Harris, at City Hall, 219 South President Street, Jackson, Mississippi 39201.

3. This Court has subject matter jurisdiction pursuant to 28 USCS §1332(a)

4. Venue is proper in this Court because Defendant COJ is located within the Southern District of MS, Northern Division.

### FACTS

5. On February 17, 2022, the Mayor of COJ issued his "Mayoral Proclamation of Local Emergency City of Jackson, Mississippi," according to Miss. Code Ann. §33-15-5(d), declaring a

local emergency for the COJ based on the then-impending March 31, 2022, expiration of the then-existing emergency contract for collecting residential solid waste. A copy of the Mayoral Proclamation of Local Emergency for residential garbage collection is attached hereto as Exhibit "A."

6. On February 17, 2022, COJ and RDI entered into an Emergency Agreement wherein COJ contracted with RDI to collect waste for a one-year period of time for the same fee and under the same conditions as the COJ's agreement for the collection of solid waste with the vendor whose Emergency Agreement ended on March 31, 2022. Copies of both Agreements are attached hereto as Exhibit "B" (prior vendor) and Exhibit "C" (RDI).

7. On February 24, 2022, the Mayor of COJ transmitted to RDI a Notice to Proceed with solid waste services effective April 1, 2022 and requested RDI to execute and return the Notice to Proceed to the Mayor of COJ.

8. On February 25, 2022, RDI executed the Acknowledgement of Receipt of Notice to Proceed and transmitted it to the Mayor of COJ. A copy of the Notice and Acknowledgement of Receipt of the Notice to Proceed is attached hereto as Exhibit "D."

9. On or before April 1, 2022, the Mayor of COJ called RDI to confirm that it would begin waste collections on April 1, 2022.

10. On April 1, 2022, the COJ Mayor sent a letter to RDI reaffirming the February 24, 2022, Notice to Proceed and directing RDI to commence emergency solid waste collection services for COJ beginning April 1, 2022. A copy of the Mayor's letter is attached hereto as Exhibit "E."

11. Also, on April 1, 2022, the COJ Mayor presented the COJ City Council with an Order Ratifying An Emergency Solid Waste Collection and Hauling with RDI for approval. The City

Council refused to approve the Order as presented by the Mayor. The Order is attached hereto as Exhibit "F."

12. On April 1, 2022, the COJ Mayor delivered to the Clerk of the Council his written objection ("Veto") to the Council's disapproval of ratifying the Emergency Agreement with RDI. A copy of the Mayor's Veto is attached hereto as Exhibit "G."

13. The City Council did not override the Mayor's veto. Instead, on April 14, 2022, the Council filed a pleading in the Circuit Court of the First Judicial District of Hinds County, Mississippi (No. 25CI1:22-cv-00194-EFP) entitled First Amended Answer and Affirmative Defenses of the City Council of Jackson, Mississippi to Emergency Complaint for Declaratory Judgment and Counter-Claim Against Plaintiff Mayor Lumumba for Declaratory, Equitable and Injunctive Relief. In the pleading, the City Council specifically recognized, on page 7, paragraph 11, "the public health implications of garbage pickup during 4the duration of this matter and asks that the Mayor continue to provide for garbage pickup during this time of self-declared crisis." The City Council's Answer and Affirmative Defenses and Counter-Claim pleading is attached hereto as Exhibit "H."

14. Yet again, on May 11, 2022, the City Council filed another court pleading,[1] a Complaint for Declaratory Judgment and Motion for Injunctive Relief, declaring, on page 6, paragraph 17, that the City Council (the Plaintiff) "recognizes the public health implications of garbage pickup during the duration of this matter, and Plaintiff, therefore, asks that the status quo continue with regard to the provision of garbage pickup service during this time of self-declared crisis." The Complaint is attached hereto as Exhibit "I."

---

[1] In the Chancery Court of the First Judicial District of Hinds County, Mississippi (No. G2002-571 T/1).

15. On April 1, 2022, RDI began waste collections for the residents of COJs and has continued doing so up through and including the date on which this Complaint is filed. RDI has continued to provide solid waste collection services in good faith and according to the Notice to Proceed, instructions from the Mayor of COJ, and directives of the City Council of COJ to the Mayor of COJ to continue to provide for garbage pickup service.

16. In May and June 2022, RDI submitted monthly invoices to COJ for $808,035.00 each, the agreed-upon fair market value of its services based on the sum paid by the City under its prior year's contract for emergency solid waste services. The invoices are attached hereto as Exhibits "J" and "K."

17. RDI submitted invoices for payment to COJ on May 6, 2022, for services rendered from April 1, 2022, through April 30, 2022, and on June 2, 2022, for services rendered from May 1, 2022, through May 31, 2022.

18. Pursuant to Miss. Code Ann. §21-39-9 and COJ's AP Invoice Operational Policy (a copy of which is attached hereto as Exhibit "L"), COJ approved RDI's May 6, 2022, invoice for payment by COJ and entered it on the claims docket for approval of payment by the City Council.

19. On May 24, 2022, the Claims Docket, which included RDI's claim totaling $808,035.00, was presented to the COJ City Council. The City Council removed from the Claims Docket the invoice of RDI pursuant to a vote of five (5) in favor of removal and two (2) against removal. It approved seventy-one (71) claims that appeared on the Docket after RDI's claim. The Claims Docket is attached hereto as Exhibit "M" and excerpts of the May 24, 2022, Minutes as Exhibit "N."

20. Miss. Code Ann. §21-39-9 requires COJ to pay claims in the order in which they are entered on the Claims Docket. Instead of complying with §21-39-9, COJ paid seventy-one (71) claims entered after the entry of RDI's claim on the May 24, 2022, Claims Docket.

21. RDI had no control of, participation in, or actual knowledge of any error or failure of the COJ regarding the delivery of emergency garbage pickup as described herein and as requested, accepted, and acknowledged by COJ.

## CAUSES OF ACTION

### QUANTUM MERUIT

22. Plaintiff RDI hereby incorporates and adopts by reference all of the facts, statements, and allegations set forth in the preceding paragraphs of this Complaint.

23. Plaintiff RDI has performed solid waste collection services for the residents of Jackson, Mississippi, which COJ requested and accepted.

24. COJ and the residents of Jackson, Mississippi, have benefited from RDI services.

25. COJ has not paid for the services furnished by RDI.

26. RDI demanded payment from COJ, but COJ failed and refused to pay RDI for the services requested and accepted by COJ.

27. RDI has been damaged by COJ's failure and refusal to pay RDI in the amount of $1,616,070.00, which is the fair market value of the services agreed to by RDI and COJ during the period April 1, 2022, up through and including May 31, 2022.

28. Miss. Code Ann. §31-7-57(2) allows Plaintiff RDI to recover from COJ the fair market value of services provided in good faith herein.

29. RDI is entitled to recover from COJ in quantum meruit in the amount of $1,616,070.00 plus interest, costs incurred by RDI herein, including attorneys' fees, and such other and further relief as this Court deems just and proper.

## UNJUST ENRICHMENT

30. Plaintiff RDI hereby incorporates and adopts by reference all of the facts, statements, and allegations set forth in the preceding paragraphs of this Complaint.

31. Plaintiff RDI has conferred substantial and valuable benefits by rendering critical waste collection services for the residents of Jackson, Mississippi, which COJ requested and accepted.

32. Plaintiff RDI expended significant time and resources developing, preparing, delivering, and otherwise providing COJ and the residents of Jackson, Mississippi, solid waste collection services with the intent of receiving compensation from COJ based on the fair market value of the services agreed upon by COJ and RDI.

33. RDI's services have substantially benefited COJ by enabling COJ to fulfill its statutory duty to collect and dispose of residential garbage. COJ has been able to avoid the risk of disease and unsanitary conditions and the threat to the health and welfare of COJ's residents posed by uncollected garbage/solid waste. Plaintiff RDI conferred these benefits directly to COJ and the residents of COJ with COJ's express knowledge, authorization, and approval.

34. COJ has not paid for the services furnished by RDI.

35. RDI has demanded payment from COJ.

36. Despite RDI's demands for payment and COJ enjoying the benefits of having access to RDI's services, COJ has failed and refused to pay RDI for the services requested and accepted by COJ.

37. By failing to pay RDI for the services rendered, COJ has obtained substantial benefits and has been unjustly enriched. It is unfair for COJ to retain the benefits conferred on it by RDI. Equity and good conscience require COJ to pay RDI for the substantial benefits RDI has conferred upon COJ.

38. The value of the benefit conferred on COJ to date is at least $1,616,070.00.

39. RDI is entitled to recover from COJ in unjust enrichment in the amount of $1,616,070.00 plus interest, costs incurred by RDI herein, including attorneys' fees, and such other and further relief as this Court deems just and proper.

## DAMAGES

40. Plaintiff RDI hereby incorporates and adopts by reference all of the facts, statements, and allegations set forth in the preceding paragraphs of this Complaint.

41. Pursuant to Miss. Code Ann. §21-39-9, the processing of RDI's claims are subject to the provisions of Miss. Code Ann. §§31-7-305 and 31-7-309.

42. According to §31-7-305(3), if payment is not mailed or otherwise delivered within forty-five (45) days after receipt of an invoice, the governmental entity shall be liable to the vendor for interest at the rate of 1 ½% per month until payment is made. Accordingly, Plaintiff RDI is entitled to interest on the amount of its invoices at the rate of 1 ½% per month until they are paid in full, and Plaintiff RDI requests the award of such interest.

43. Pursuant to §31-7-309, when a vendor files suit to collect interest against a governmental entity, said entity would be required to pay a reasonable attorney's fee if the vendor prevails. Accordingly, Plaintiff RDI requests an award of a reasonable attorney's fee if RDI prevails in this matter pursuant to Miss. Code Ann. §§31-7-305(3) and 31-7-309.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff RDI requests that this matter be set for hearing and that judgment be entered against Defendant COJ in the amount of $1,616,070.00 along with interest as provided by Miss. Code Ann. §31-7-305(3), until the date on which payment is made, reasonable attorney's fees, and cost of this action.

RESPECTFULLY SUBMITTED,

RICHARD'S DISPOSAL INC.

BY: /s/ John L. Walker

JOHN L. WALKER MSB (#6883)
GLORIA J. GREEN (MSB#4989)
**WALKER GROUP, PC**
1410 LIVINGSTON RD, SUITE A
P.O. BOX 22849
JACKSON, MS 39225-2849
PHONE (601) 948-4589
FAX: (601) 354-2507

ATTORNEYS FOR PLAINTIFF