## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION

**RICHARDS DISPOSAL, INC.**                      **PLAINTIFF**

**V.**                    **CAUSE NO.: 3:22-cv-396-KHJ-MTP**

**CITY OF JACKSON, MISSISSIPPI**                **DEFENDANT**

---

### CITY OF JACKSON'S ANSWER AND AFFIRMATIVE DEFENSES

---

**COMES NOW**, the City of Jackson, Mississippi (herein after "the City") by and through counsel, and pursuant to the Federal Rules of Civil Procedure and other applicable authority, submits this Answer and Affirmative Defenses to the Complaint filed against her in the above-styled cause and states as follows:

Without waiving any of the defenses stated herein, the Defendant responds to the allegations contained in the Complaint, paragraph by paragraph, as follows:

The first unnumbered paragraph appears introductory in nature, and therefore does not require a response. To the extent that this introductory, unnumbered paragraph seeks to impose liability on the City, however, the City would deny the same and demand strict proof thereof.

### PARTIES, JURISDICTION AND VENUE

1. The City admits the allegations contained in Paragraph 1 of the Complaint.

2. The City admits the allegations contained in Paragraph 2 of the Complaint.

3. The City admits the allegations contained in Paragraph 3 of the Complaint.

4. The City admits the allegations contained in Paragraph 4 of the

Complaint.

## FACTS

5.      The City admits the allegations contained in Paragraph 5 of the Complaint.

6.      The City admits the allegations contained in Paragraph 6 of the Complaint in part, the February 17, 2022 Emergency Agreement was executed by the Mayor and RDI, however the determination of whether the Agreement was "entered into" is disputed.

7.      The City admits the allegations contained in Paragraph 7 of the Complaint.

8.      The City admits the allegations contained in Paragraph 8 of the Complaint.

9.      The City admits the allegations contained in Paragraph 9 of the Complaint in part, the City does not have sufficient information to admit or deny the allegations of oral statements contained in Paragraph 9 of the Complaint and therefore denies the same.

10.     The City admits the allegations contained in Paragraph 10 of the Complaint.

11.     The City admits the allegations contained in Paragraph 11 of the Complaint.

12.     The City admits the allegations contained in Paragraph 12 of the Complaint.

13.     The City admits that the City Council did not override the Mayor's veto and filed legal action against the Mayor.  The City avers that the City Council's pleading filed in a court of competent jurisdiction speaks for itself.

14.     The City admits that the City Council filed a second legal proceeding

2

against the Mayor.  The City avers that the City Council's Complaint speaks for itself.

15.    The City admits that RDI began solid waste collection on April 1, 2022 and continues to do so.  The City denies, as worded, the remaining allegations contained in Paragraph 15 of the Complaint.

16.    The City admits the allegations contained in Paragraph 16 of the Complaint.

17.    The City admits the allegations contained in Paragraph 17 of the Complaint.

18.    The City admits that RDI's invoice for payment was placed on the claims docket. The City denies, as worded, the remaining allegations contained in Paragraph 18 of the Complaint.

19.    The City admits that RDI's invoice was pulled from the May 24, 2022 Claims Docket and admits that it approved seventy-one (claims).  The City denies, as worded, the remaining allegations contained in Paragraph 19 of the Complaint. The City avers that the May 24, 2022 Minutes speak for themselves.

20.    The City avers that the statement of law contained in this allegation speaks for itself; however, the City denies, as worded, the remaining allegations contained in Paragraph 20 of the Complaint.

21.    The City denies the allegations contained in Paragraph 21 of the Complaint.

**CAUSES OF ACTION**

**QUANTUM MERIUT**

22.     The allegations contained in Paragraph 22 of the Complaint do not appear to be directed to the City, however, if a response is required, the City denies the allegations contained in Paragraph 22 of the Complaint.

23.     The City admits that RDI performed solid waste collection services for the City of Jackson.  The City denies, as worded, the remaining allegations contained in Paragraph 23 of the Complaint.

24.     The City admits the allegations contained in Paragraph 24 of the Complaint.

25.     The City admits the allegations contained in Paragraph 25 of the Complaint.

26.     The City denies, as worded, the allegations contained in Paragraph 26 of the Complaint.

27.     The City denies the allegations contained in Paragraph 27 of the Complaint.

28.     The City avers that the statutory law cited in Paragraph 28 of the Complaint speaks for itself.

29.     The City denies the allegations contained in Paragraph 29 of the Complaint.

**UNJUST ENRICHMENT**

30.     The allegations contained in Paragraph 30 of the Complaint do not appear to be directed to the City, however, if a response is required, it denies the allegations

contained in Paragraph 30 of the Complaint.

      31.     The City admits that RDI provided solid waste collection services to its citizens. The City denies, as worded, the remaining allegations contained in Paragraph 31 of the Complaint.

      32.     The City does not have enough information to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

      33.     The City denies, as worded, the allegations contained in Paragraph 33 of the Complaint.

      34.     The City admits the allegations contained in Paragraph 34 of the Complaint.

      35.     The City admits the allegations contained in Paragraph 35 of the Complaint.

      36.     The City denies, as worded, the allegations contained in Paragraph 36 of the Complaint.

      37.     The City denies, as worded, the allegations contained in Paragraph 37 of the Complaint as these allegations state a legal conclusion.

      38.     The City denies the allegations contained in Paragraph 38 of the Complaint.

      39.     The City denies the allegations contained in Paragraph 39 of the Complaint.

## DAMAGES

      40.     The allegations contained in Paragraph 40 of the Complaint do not appear to be directed to the City, however, if a response is required, it denies the allegations

contained in Paragraph 40 of the Complaint.

41.     The City avers that the statutory law cited in Paragraph 41 of the Complaint speaks for itself, and denies this allegation to the extent that it states a legal conclusion.

42.     The City avers that the statutory law cited in Plaintiff's Complaint speaks for itself; however, the City denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     The City avers that the statutory law cited in Plaintiff's Complaint speaks for itself; however, the City denies the remaining allegations contained in Paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

The City denies that the Plaintiffs are entitled to the request contained in the unnumbered paragraph of the Complaint under the heading PRAYER FOR RELIEF.

AND NOW, having fully and completely answered the Complaint and allegations filed against it, Defendant pleads as follows:

## AFFIRMATIVE DEFENSES

### I.

The Plaintiff fails to state a claim upon which relief can be granted.

### II.

The Plaintiff failed to fully and properly comply with the notice requirements as set forth in MISS. CODE ANN. Section 11-46-11 (1972), as amended, and this Court is without jurisdiction over this matter.

**III.**

To the extent that the Plaintiff alleges any claims that may fall under the Mississippi Tort Claims Act, the City is immune from suit pursuant to MISS. CODE ANN. § 11-46-1, et seq. (as amended).

**IV.**

The Plaintiff has failed to state a cause of action against this Defendant, pursuant to MISS. CODE ANN. § 11-46-9.

**V.**

At all times and as to all matter material to the Complaint, this Defendant acted reasonably and in accordance with the law and did not breach any duty which may have been owed to Plaintiff.

**VI.**

At all material times, herein, the Defendant and its employees, agents, and servants, at all times relevant hereto, used the degree of care required of them under law and are not liable in damages to the Plaintiff.

**VII.**

The Plaintiff has a duty to use reasonable care to mitigate damages, if any.  Any damages which could have been mitigated through the use of reasonable care are not recoverable.

**VIII.**

Any injury, damage, or deprivation alleged or suffered by the Plaintiff was the result of the Plaintiff's failure to act reasonably to avoid or mitigate such injury, damage or deprivation.

## IX.

The actions or inactions on the part of the Plaintiff were the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiff, if any. That in the alternative, the actions or inactions on the part of the Plaintiff amounted to an intervening cause and as such, constitutes the sole, proximate cause and only cause of the incident complained of and the damages sustained by the Plaintiff if any.

## X.

If the actions or inactions on the part of the Plaintiff were not the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiff, if any, the actions or inactions on the part of the Plaintiff caused and contributed to the incident complained of and the damages sustained by the Plaintiff, if any, and any damages which the Plaintiff would otherwise be entitled must be reduced in degree and to the proportion that the action or inaction of the Plaintiff caused or contributed to the incident.

## XI.

This Defendant asserts any and all other defenses available to it under MISS. CODE ANN. § 85-5-7.

## XII.

The Plaintiff's damages, if any, were proximately caused and are a result of a superseding and/or intervening cause for which this Defendant cannot be held liable and for which recovery cannot be had against this Defendant.

## XIII.

Under the facts and circumstances of this action, this Defendant cannot be held

liable for punitive damages.

## XIV.

An award of compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, costs of suit and for such other and further relief against this Defendant is statutorily barred and/or not warranted in this case.

## XV.

This individual Defendant is entitled to qualified immunity, discretionary immunity, sovereign immunity and/or any other applicable immunity.

## XVI.

The Defendant hereby invokes the defenses of expiration of the statute of limitation(s), waiver, laches, and ripeness, lack of mutual assent, lack of consideration, lack of definitive terms and lack of contract.

## XVII.

The Defendant hereby gives notice that it intends to rely upon such other and further defenses which may become available or apparent during discovery in this civil action and reserves the right to amend is answer to assert any such defenses.

Respectfully submitted this the 4th day of August, 2022

THE CITY OF JACKSON, MISSISSIPPI

BY:   /s/ Claire Barker
Claire Barker, MSB # 101312
Special Assistant to the City Attorney

OF COUNSEL:

OFFICE OF THE CITY ATTORNEY
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Office:        601-960-1799
Facsimile:    601-960-1756

## CERTIFICATE OF SERVICE

The undersigned certifies that she has this day transmitted via electronic mail through ECF electronic filing a true and correct copy of the foregoing document to all attorneys of record.

So certified, this the 4th day of August, 2022

/s/ Claire Barker
CLAIRE BARKER