**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTER DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**RICHARD'S DISPOSAL, INC.**                                                    **PLAINTIFF**

**VS.**                                                    **CAUSE NO. : 3 :22-CV-00396-KHJ-MTP**

**CITY OF JACKSON, MISSISSIPPI**                                        **DEFENDANT**

**THE CITY COUNCIL OF JACKSON,**
**MISSISSIPPI**                                                                **INTERVENOR**

---

**ANSWER, AFFIRMATIVE DEFENSES, and CROSSCLAIM of INTERVENOR**
**THE CITY COUNCIL OF JACKSON, MISSISSIPPI**

---

COMES NOW Intervenor The City Council of Jackson, Mississippi, Mississippi ("The

City Council"), specially appearing at this time out of an abundance of caution, pending a ruling

from this Court on its Motion to Intervene [ECF Doc. #8], and files this, its Answer and

Affirmative Defenses to the Complaint [ECF Doc. #1] filed by Plaintiff in this matter and its

Crossclaim against the Mayor of Jackson Chokwe A. Lumumba.  In support thereof, The City

Council would show this Court the following, to-wit:

**ANSWER**

Regarding the first, unnumbered paragraph of the Complaint, Defendant The City

Council of Jackson, Mississippi denies that Plaintiff is entitled to any relief it seeks; additionally,

it is specifically denied that

**PARTIES, JURISDICTION, AND VENUE**

1. The City Council is without sufficient information to admit or deny the allegations of paragraph 1, to the extent a response from The City Council is required, the allegations are admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## FACTS

5. Admitted.

6. Regarding the allegations contained in paragraph 6, it is admitted that the City entered into an agreement with a prior vendor as shown in Exhibit B to the Complaint, but it is denied that the City entered into the proposed agreement attached as Exhibit C to the Complaint.

7. The allegations contained in paragraph 7 do not appear to be directed at The City Council; thus, no response from The City Council is required.  To the extent a response from The City Council is required, all allegations in paragraph 7 are admitted; however, it is denied that the Mayor had the legal authority to submit a Notice to Proceed and request it be returned and executed by Richard's.

8. The allegations contained in paragraph 8 do not appear to be directed at The City Council; thus, no response from The City Council is required.  To the extent a response from The City Council is required, all allegations in paragraph 8 are admitted; however, it is denied that the Mayor had the legal authority to submit a Notice to Proceed and request it be returned and executed by Richard's.

9.  The allegations contained in paragraph 9 do not appear to be directed at The City Council; thus, no response from The City Council is required.  To the extent a response from The City Council is required, all allegations in paragraph 9 are admitted.

10. The allegations contained in paragraph 10 do not appear to be directed at The City Council; thus, no response from The City Council is required.  To the extent a response from The City Council is required, all allegations in paragraph 10 are admitted; however, it is denied that the Mayor had the legal authority to send the letter.

11. It is admitted that the City Council, as alleged in paragraph 11 of the Complaint, did not approve the proposed Order submitted by the Mayor attached to the Complaint as Exhibit F.

12. Admitted.

13. Admitted.

14. Admitted.

15. The allegations contained in paragraph 15 are admitted except for the allegation that the City Council issued any directive to the Mayor or City or RDI for RDI to begin collecting garbage, which is specifically denied.

16. It is admitted RDI submitted two invoices, but it is denied that those two invoices are for "agreed-upon fair market value of its services."

17. It is admitted RDI submitted two invoices, but it is denied that those two invoices are for "agreed-upon fair market value of its services."

18. Denied.

19. Admitted.

20. Denied.

21. Denied.

## CAUSES OF ACTION

### QUANTUM MERUIT

22. In response to paragraph 22, The City Council reincorporates into its response to Causes of Action – Quantum Meruit of the Complaint all statements and information already contained in this Answer in paragraphs 1-21, above.

23. Denied.

24. Admitted.

25. Admitted.

26. The allegations contained in paragraph 26 do not appear to be directed at The City Council; thus, no response from The City Council is required.  To the extent a response from The City Council is required, all allegations in paragraph 26 are denied.

27. The allegations contained in paragraph 27 do not appear to be directed at The City Council; thus, no response from The City Council is required.  To the extent a response from The City Council is required, all allegations in paragraph 27 are denied.

28. Denied as stated.

29. The allegations contained in paragraph 29 do not appear to be directed at The City Council; thus, no response from The City Council is required.  To the extent a

response from The City Council is required, all allegations in paragraph 29 are denied.

## UNJUST ENRICHMENT

30. In response to paragraph 30, The City Council reincorporates into its response to Causes of Action - Unjust Enrichment of the Complaint all statements and information already contained in this Answer in paragraphs 1-29, above.

31. The allegations contained in paragraph 31 do not appear to be directed at The City Council; thus, no response from The City Council is required.  To the extent a response from The City Council is required, all allegations in paragraph 31 are denied; it is denied the City of Jackson requested those services from the Plaintiff.

32. Admitted.

33. The allegations contained in paragraph 33 are admitted except for the allegation that the City of Jackson had given its express authorization and approval, which is specifically denied.

34. Admitted.

35. Admitted.

36. Denied as stated; it is specifically denied that Jackson requested RDI's services.

37. Denied.

38. Denied.

39. Denied.

## **DAMAGES**

40. In response to paragraph 40, This Defendant reincorporates into its response to

    Damages of the Complaint all statements and information already contained in this

    Answer in paragraphs 1-40, above.

41. Denied.

42. Denied.

43. Denied as stated; it is specifically denied that RDI is entitled to attorney's fees.

44. In response to the last, unnumbered paragraph of the Complaint which begins,

    "WHEREFORE, PREMISES CONSIDERED," The City Council denies Plaintiff is

    entitled to any other relief, general and specific, based upon the pleadings and

    averments contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The City Council never approved any contract from Plaintiff RDI.  "[P]ublic boards

speak only through their minutes and that their acts are evidenced solely by entries on their

minutes."  *Singing River MOB, LLC v. Jackson Cnty.*, Nos. 2019-IA-01630-SCT, 2019-IA-

01653-SCT, 2021 Miss. LEXIS 324, at *13 (Nov. 18, 2021) (quoting *KPMG, LLP v. Singing

River Health Sys.*, 283 So. 3d 662, 669 (Miss. 2018)).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff RDI bore the responsibility of having the existence of the contract spread upon

the City's meeting minutes.  "[I]t is the responsibility of the entity contracting with the Board

itself, to ensure that the contract is legal and properly recorded on the minutes of the board."  *Id.*

(quoting *KPMG* and *Wellness, Inc.*, 178 So. 3d at 1291).

**THIRD AFFIRMATIVE DEFENSE**

The damages and injuries alleged by the Plaintiff are the result in whole or in part of the actions or inactions of the Plaintiff and/or other parties, not The City Council, and to whom The City Council of Jackson, Mississippi, has no legal relationship.  The actions of such parties are superseding, intervening causes of Plaintiffs' injuries.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action or a claim as to each Defendant upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff failed to mitigate its damages and is accordingly barred from recovery to the extent of the failure to mitigate.

**SIXTH AFFIRMATIVE DEFENSE**

The claims asserted by the Plaintiff against Intervenor The City Council of Jackson, Mississippi, are time-barred because of the expiration of the applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Intervenor The City Council of Jackson, Mississippi hereby gives notice that it intends to rely upon such other and further defenses which may be available or become apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.  The Plaintiff proceeded to perform under an alleged contract which the Plaintiff knew or should have known was not a valid agreement which was ever adopted or approved by a majority of the City Council.

## NINTH AFFIRMATIVE DEFENSE

The City Council denies each and every allegation of the Complaint [MEC #1] by which the Plaintiff seeks relief or otherwise seeks to impose liability upon it and denies that it is guilty of any actionable conduct.

## TENTH AFFIRMATIVE DEFENSE

Intervenor The City Council of Jackson, Mississippi pleads all affirmative defenses which may apply to this action, including, accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, license, payment, release, *res judicata,* statute of frauds, waiver and any other matters constituting an avoidance or affirmative defense.

## ELEVENTH AFFIRMATIVE DEFENSE

Any individual Defendants who are members of the City Council are entitled to sovereign and/or qualified immunity, as well as legislative immunity, from Plaintiff's claims against them and specifically assert the rights, defenses, privileges and immunities available to them under applicable State and Federal Law.  Those Defendants invoke and assert all right and privileges and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and/or supporting and interpreted Federal or State Common Law.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendants, at all times complained of herein, acted in good faith without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, and without any intent to cause harm, and the Defendant is not guilty of any tortious conduct or omission.  The actions taken by the Defendant were taken in good faith reliance upon existing law and facts.

## THIRTEENTH AFFIRMATIVE DEFENSE

The City Council denies each and every allegation of the Complaint [MEC #1] by which the Plaintiff seeks relief or otherwise seeks to impose liability upon it and denies that it is guilty of any actionable conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Additionally, and alternatively, any damages, loss, deprivation to the Plaintiff, if any, are not proximately caused by any official action, practice or custom of the City Council of Jackson, Mississippi or any of its officers.  Plaintiff's alleged loss, damage, or deprivation is not the proximate result of the execution of any official government policy custom or practice attributed to the City of Jackson.  The policies and procedures of the City of Jackson, Mississippi are consistent and clearly within established law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant invoke and assert all protections, defenses and limitations under the doctrine of discretionary-function immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to amend their answer and defenses and plead any additional defenses which may become apparent following the completion of additional discovery and/or other investigation.

## CROSSCLAIM

COMES NOW the City Council of Jackson, Mississippi, under Fed. R. Civ. P. 13(g) (2021) and files this its Crossclaim against the Mayor of Jackson Chokwe A. Lumumba.

1. The Mayor of Jackson, Mississippi, Chokwe A. Lumumba ("Mayor" or "Cross-Defendant") submitted a Notice to Proceed, as pleaded by RDI and confessed by the City of Jackson in its Answer [ECF Doc. #10].

2. Cross-Claimant the City Council of Jackson, Mississippi, never requested or obligated RDI to collect garbage, and did not issue any Notice to Proceed or authorize the issuance of any Notice to Proceed.

3. Despite having been presented with proposed contracts or proposed orders approving contracts on multiple occasions, the City Council at no time adopted or approved by majority vote any contract as required by applicable state law and Jackson's Code of Ordinances in § 2-66. Thus, those proposed contracts or orders resulted in a no vote or a negative vote.

4. The Mayor attempted on several occasions to veto those matters which ended in a no vote or a negative vote, but had no legal authority to do so. The matter proceeded to litigation in the Chancery Court of Hinds County in Cause No. 22-571 where the court there ruled in favor of the City Council on July 15, 2022, and entered a declaratory judgment that the Mayor had no legal authority to veto a negative vote.

5. Also, in another matter between the Mayor and the City Council in the Hinds County Chancery Court, Cause No. 22-281, the special chancellor there ruled that, regardless of a declared emergency, the sole authority rests with the City Council to approve or disapprove any proposed contracts by a simple majority vote:

But whether a contract for solid waste disposal is negotiated through the RFP process or pursuant to Section 33-15-17(b)'s emergency authority, the contract is not valid, binding, or enforceable unless approved by the Council.
. . .
Whether a contract binding the City of Jackson for solid waste disposal is negotiated through the RFP process or pursuant to emergency authority under Miss Code Section 33-15-17(b), the contract is not a binding contract that is enforceable against the City of Jackson unless and until it has been properly approved by the Council.

Order, *Lumumba v. City Council*, Hinds County Chancery Court, No. 22-281, 3, 6 [MEC Doc. #60] (April 1, 2022).

6. The Plaintiff RDI proceeded to perform under an alleged contract which the Plaintiff knew or should have known was not a valid agreement which was ever adopted or approved by a majority of the City Council.

7. Thus, all damages complained of resulted from the actions of both RDI and the actions of the Cross-Defendant the Mayor.

8. The Mayor's actions resulted in the monetary loss to the Plaintiff, and the Mayor should be responsible for making the Plaintiff whole.

9. Further, upon information and belief, there was an agreement between two or more persons, those being the Mayor and RDI, to accomplish a lawful purpose unlawfully; the Mayor performed an overt act in furtherance of the conspiracy; and damages to the City Council are a proximate result. Thus, the Cross-Defendant the Mayor committed Civil Conspiracy resulting in the damage claimed by the Plaintiff.

WHEREFORE PREMISES CONSIDERED, the City Council of Jackson,

Mississippi, specially appearing at this time out of an abundance of caution, pending a ruling

from this Court on its Motion to Intervene [ECF Doc. #8], respectfully requests that this

Court deny all claims for relief to the extent that those claims are brought against the

Intervening Defendant the City Council.

       IT IS FURTHER REQUESTED respectfully that this Court grant the City Council's

Crossclaim against the Mayor as his actions resulted in the monetary loss to the Plaintiff and

as the Mayor should be responsible for making the Plaintiff whole.  It is further respectfully

requested that this Court find that the Mayor committed Civil Conspiracy which resulted in

the damage claimed by the Plaintiff.

       Respectfully submitted, this the 5th day of August, 2022.


           **THE CITY COUNCIL OF JACKSON, MISSISSIPPI**

           By: Mills, Scanlon, Dye & Pittman


           By: __*/s/ John P. Scanlon*_____

           By: Deshun T. Martin


           By: __*/s/ Deshun Martin*_____

OF COUNSEL:

Jerry L. Mills, Esq. [MSB #3324]
John P. Scanlon, Esq. [MSB #101943]
Zachary L. Giddy, Esq. [MSB #106297]
MILLS, SCANLON, DYE & PITTMAN
800 Avery Blvd. North, Suite 101
Ridgeland, MS 39157
Telephone: (601)957-2600
Facsimile: (601)957-7440
jmills@millsscanlon.com
jscanlon@millsscanlon.com
zgiddy@millsscanlon.com


DESHUN T. MARTIN, MSB# 101526

*MARTIN AND MARTIN, P.A.*
Attorneys & Counselors
228 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 355-0955
Facsimile: (601) 355-0957
Email: DTMartin@4MartinsAtLaw.com
> *Independent Special Counsel for Intervening Defendant The City Council of Jackson, Mississippi, Mississippi*

## CERTIFICATE OF SERVICE

I, John P. Scanlon, one of the attorneys for Intervenor The City Council of Jackson, Mississippi, do hereby certify that on this day I electronically filed the foregoing with the Clerk of this Court using the CM/ECF, which sent notification of such filing to all counsel of record.

This the 5th day of August, 2022.

_/s/ *John P. Scanlon*_____ _____
John P. Scanlon

_/s/ *Deshun Martin*_____ _____
Deshun Martin