**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION**

**RICHARD'S DISPOSAL, INC.**                                                                        **PLAINTIFF**

**VS.**                                                        **CAUSE NO. 3:22-CV-00396-KHJ-MTP**

**CITY OF JACKSON, MISSISSIPPI**                                     **DEFENDANT**

**THE CITY COUNCIL OF JACKSON, MISSISSIPPI**                                         **INTERVENOR**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO THE CITY COUNCIL OF JACKSON, MISSISSIPPI, MOTION TO INTERVENE

COMES NOW Plaintiff, Richard Disposal Inc., by and through its attorneys, and submits its Memorandum in Support of its Response and Objection to the City Council of Jackson, Mississippi, Motion to Intervene. In support of this Motion, Plaintiff shows the following:

## INTRODUCTION

The Motion to Intervene filed by the City Council of Jackson, Mississippi, is an attempt by the City Council ("CC") to introduce in these proceedings the ongoing battle in state court regarding the rights and/or legal authority of the CC (legislative branch) and the Mayor (executive branch) of Defendant City of Jackson ("COJ"). The Court, the parties, and the citizens of Jackson who suffer from the failure of the governing authorities to understand and seriously address its constitutional responsibilities to them deserve and demand more. *See, e.g., Jones v. Gusman*, 515 F. Supp. 3d 520 (E. D. La 2020), *aff'd*, 515 F. Supp. 3d 520 (E. D. La. 2021)

Article I, Sections 1 and 2 of the Mississippi Constitution provides:

THE CONSTITUTION

OF THE STATE OF MISSISSIPPI

ADOPTED NOVEMBER 1, A.D., 1890

Section 1. The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.

Section 2. No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments.

Alexander v. State, 441 So. 2d 1329, 1332-1333, 1983 Miss. LEXIS 3007, *1-2 (Miss. November 23, 1983).

In this case, both the legislative and executive branches recognized the public health implications of garbage pickup, and they asked that garbage services continue to be provided to the citizens of Jackson during all times covered by this Complaint. However, the CC (legislative branch) objects to the vendor chosen to provide for garbage collection. "Legislative power, as distinguished from executive power, is the authority to make laws, but not to enforce them or appoint the agents charged with the duty of such enforcement." Alexander, 441 So. 2d at 1338, 1983 Miss. LEXIS 3007, *19.

The following is a procedural timeline herein:

| Date Filed | Doc.# | Docket Text |
|---|---|---|
| 07/13/2022 | | Complaint aga07ts City of Jackson, Mississippi |
| 07/18/2022 | 3 | SUMMONS Returned Executed by Richard's Disposal Inc., City of Jackson, Mississippi served on 7/15/2022 |
| 07/19/2022 | 4 | NOTICE of Appearance by Deshun T. Martin on behalf of City Council of Jackson, Mississippi |
| 07/29/2022 | 5 | NOTICE of Appearance by John P. Scanlon on behalf of City Council of Jackson, Mississippi |
| 07/29/2022 | 6 | NOTICE of Appearance by Jerry L. Mills on behalf of City Council of Jackson, Mississippi |
| 07/29/2022 | 7 | NOTICE of Appearance by Zachary Lewis Giddy on behalf of City Council of Jackson, Mississippi |

| 07/29/2022 | 8 | MOTION to Intervene and Supporting Memorandum of Law by City Council of Jackson, MS |
| 07/29/2022 | 9 | MEMORANDUM in Support re 8 Motion to Intervene and Supporting Memorandum of Law filed by City Council of Jackson, Mississippi |
| 08/04/2022 | 10 | ANSWER to 1 Complaint by City of Jackson, Mississippi |

As shown above, before Defendants COJ filed an Answer, Putative Intervenor CC noticed the appearance of four (4) attorneys and filed a Motion to Intervene (Doc. 009). This underscores that Putative Intervenor CC is seeking to continue its political fight with the Mayor of Defendant COJ in this Court.

**ARGUMENT**

**I**

**Putative Intervenor City Counsel is a Branch of Defendant City of Jackson And Not A Separate Governmental Entity Which Can Advocate a Position Contrary to Defendant City of Jackson in A Legal Proceeding Or Retain Counsel To Represent It**

The City of Jackson ("COJ") is a municipal corporation and a distinct legal entity (*Jackson v. City of Gulfport*, 2017 U.S. Dist. LEXIS 22327, *4, 2017 WL 651956 (February 16, 2017). It has the "power to sue and be sued." Miss. Code Ann. § 21-17-1(1). COJ operates under a mayor-council form of government, under which the Mayor exercises the City's executive power (Miss. Code Ann. § 21-8-15), and a seven-member City Council serves as the City's legislative body (Miss. Code Ann. § 21-8-9). *See Jordan v. Smith*, 669 So. 2d 752, 763, 1996 Miss. LEXIS 8, *35 (Miss. February 5, 1996), where the Court ruled that "[t]he members of the council shall not direct or dictate the appointment of any person to or his removal from office by the mayor or any department directors**.** Except for the purposes of inquiring or receiving information or advice, the council shall deal with the municipal departments and personnel solely through the mayor and no member of the council shall give orders to any subordinate of the municipality." Nor can the city council appoint anyone to fill positions of agents charged with the duty of enforcement of the laws.

The CC is the City of Jackson, Mississippi's legislative branch and is not an additional and/or separate, independent juridical entity. Instead, it functions as a part of the greater corporate body or juridical entity – the Defendant, City of Jackson. Because COJ is a municipal corporation, a distinct legal entity with the "power to sue and be sued," and the CC's role is limited to a legislative function as part of the greater corporate body (the COJ), the COJ is the sole and only real party in interest in this case.

In *Jordan, supra,* the Court relied on *Alexander v. State*, 441 So. 2d 1329, 1983 Miss. LEXIS 3007 (Miss. 1983) to determine the "relative powers and prerogatives of the mayor and the city council in a mayor-council form of municipal government." 669 So. 2d  at 753.   *Alexander* was concerned with legislators who "sued the Attorney General seeking a declaratory judgment that their concurrent service on certain boards and commissions did not violate constitutional separation of powers provisions." *Jordan*, 669 So. 2d at 758. The Court in *Alexander* distinguished between executive power and legislative power by defining:

> [E]xecutive power as the power to administer and enforce the laws as enacted by the legislature and as interpreted by the courts…. Execution is at the core of executive power…. 'Legislative power, as distinguished from executive power, is the authority to make laws, but not to enforce them or appoint the agents charged with the duty of such enforcement. The latter are executive functions.'

441 So. 2d at 1338.

Therefore, COJ's executive officers, directors, and managers administer the affairs of the COJ instead of the City Council.

Pursuant to Miss. Code Ann. §21-15-25, the governing authorities of a municipality are authorized to appoint or employ an attorney to represent the interests of the municipality. Herein such an attorney has been employed by COJ, represents COJ in this matter, and has filed an Answer for the COJ (Doc 10).

Previously in 1999, a Jackson City Councilperson requested an Attorney General's Opinion on "whether a city council may hire attorneys under the Mayor-Council form of government?" *MS AG* Op. No. 99-0063, 1999 Miss. AG LEXIS 82, *1**.** (Exhibit 1 is a copy of *MS AG* Op. No. 99-0063, 1999 Miss. AG LEXIS 82.)

In response, the MS Attorney General issued the following opinion to the Jackson City Councilperson:

> As you are certainly aware, Miss. Code Ann. § 21-15-25 is the general statute authorizing the municipal governing authorities to appoint a municipal attorney. In lieu of the appointment of a single attorney, Section 21-15-27 authorizes the appointment of a firm of attorneys. We have previously stated our opinion that Section 21-15-25 applies to municipalities operating under the mayor-council form of government. MS AG Op., Bardwell (May 3, 1991).
>
> However, we understand your actual question to be whether the city council under the mayor-council form of government may employ attorneys to provide legal assistance and advice to the council separate **[\*2]** and apart from those attorneys appointed as the "city attorneys" pursuant to Section 21-15-25. An examination of *Miss. Code Ann. Secs. 21-8-1*, et seq., the statutory scheme governing the operation of municipalities under the mayor-council system, leads us to conclude that the power of appointment of municipal employees vests nearly exclusively in the mayor.
>
> &#42;&#42;&#42;
>
> Thus, Section 21-8-13 appears to be the only provision authorizing a city council operating under the mayor-council form of **[\*4]** government to appoint or employ municipal employees, that is, the clerk of the council and deputy clerks thereunder. It is therefore the opinion of this office that there is no authority for the city council to appoint or employ a "council attorney" or attorneys to advise or render legal assistance to the city council. With respect to the "city attorney" appointed pursuant to Section 21-15-25, we have consistently held the opinion that such attorney represents and advises the entire municipality. The attorney represents the municipality, not one or more of its officers. MS *AG* Op., Thomas (July 26, 1989).

*Id.* at No. 99-0063,1999 Miss. AG LEXIS 82, *1-4

Subsequently, in 2002, another Jackson City Councilperson requested an Opinion from the MS Attorney General as to the following issue:

> If the Mayor is not inclined to appoint a city attorney pursuant to the City's ordinances or *Miss. Code Ann. Section 21-8-23* (apparently, the specific time for appointing a city attorney under the City's ordinances has expired), may the City Council as a governing authority appoint a municipal attorney to represent municipal interests pursuant to *Miss. Code Ann. Section 21-15-25*: If so, must this attorney be a city employee under the supervision of the council or may the municipal attorney be a private attorney or law firm who contracts with the city and is called upon to address municipal issues from time to time?

MS AG Op. No. 2002-0004, 2002 Miss. AG LEXIS 25, *5.

In response to the above question, the MS Attorney General again issued the following opinion:

> There is no authority for the city council to appoint a council attorney to advise or render legal assistance to the city council. With respect to the city attorney appointed pursuant to Section 21-15-25, we have consistently opined that such attorney represents the municipality and advises the entire municipality. The attorney represents the municipality, not one or more officers. MS AG Op., Stokes (March 5, 1999). We do not find authority for the city council to appoint or employ an attorney pursuant to Section 21-15-25. In a mayor-council municipality the mayor appoints department heads. Miss. Code Ann. Section 21-8-23.

*Id.* at No. 2002-0004, 2002 Miss. AG LEXIS 25, *5-6.

Based on the above, the City Council cannot employ "council attorney to advise or render legal assistance to the city council" because the City Council's interest in this matter is adequately represented by the statutorily appointed legal counsel for the City of Jackson.

## II

## No Order allowing Putative Intervenor Jackson City Counsel To Employ An Attorney and Authorizing the Filing of A Motion To Intervene Is Either Attached To Or Cited In The Motion to Intervene Filed by Putative Intervenor Jackson City Counsel

A Mississippi Attorney General's Opinion, dated March 14, 2003, was issued in response to a request raised on behalf of the City of Clarksdale regarding board authorization in hiring legal representation :

> At the February 10, 2002, city council meeting, the board members were advised that the acknowledgment of a notice of claim of an impending lawsuit was synonymous with board authorization. The initial discussion focused on whether certain bills submitted by the city attorney were valid and legal.
>
> The legal adviser of the city council made the statement that whenever a notice of claim of a potential lawsuit is acknowledged by the board, such acknowledgment automatically gives the city attorney the authorization to work on a particular case, and to present an invoice for payment when the legal work has been performed and completed.
>
> Some members of the city council did not agree with the contention that the mere acknowledgment of a notice of claim automatically gives the city attorney the authorization to perform work on a certain case; these board members are of the position that if the city attorney expects to work on a case and be compensated, then he (city attorney) should first obtain board authorization, which means that the legal issue is brought before the city council during an official board meeting and the matter is voted on and approved by the majority of the entire board.
>
> Thank you for your opinion regarding a notice of claim (of a potential lawsuit) and board authorization.

MS AG Op. No. 2003-0115, 2003 Miss. AG LEXIS 318, *1-2

In responding to the question, the Mississippi Attorney General opined that the "governing authorities may only enter into a contract for legal services or other professional services by order in the minutes." MS AG Op. No. 2003-0115, 2003 Miss. AG LEXIS 318, *4.

*In W.G. Yates & Sons Constr. Co. v. City of Waveland*, 168 So. 3d 963, 970, 2012 Miss. App. LEXIS 441, 2012 WL 2896207 (Miss. Ct. App. 2012), the plaintiff challenged the City's award of a contract to a corporation that the plaintiff claimed was a nonresident of the State. The City argued that the award was made to a resident contractor. Therefore, the City concluded that

the contractor was not required to submit a copy of an out-of-state contractor preference statute pertaining to the treatment of nonresident contractors. The Court found that the governing authority had a duty to make a factual finding about whether a nonresident contractor met residency requirements. The Court further found no evidence in the record that the City's governing body made a factual determination and entered in the Board minutes the basis for treating the successful bidder as a resident contractor. The Court explained that governing authorities' actions are binding only when they act "within their authority and in the mode and manner by which this authority is to be exercised under the statutes,… and their contracts, and every other substantial action taken by them must be evidenced by entries on their minutes, and can be evidenced in no other way." 168 So. 3d  at 970. Similarly, the Mississippi Supreme Court "has long held that 'public boards speak only through their minutes and their actions are evidenced solely by entries on the minutes.'" *Hill v. City of Horn Lake*, 160 So. 3d 671, 679 (¶22) (Miss. 2015) (quoting *Thompson v. Jones County Cmty. Hosp*., 352 So. 2d 795, 796 (Miss. 1977)).

Therefore Putative Intervenor was not legally authorized to either file the Motion To Intervene (Doc. 009) or employ attorneys to file the Motion To Intervene (Doc. 009)

### III

### *Assuming Arguendo* That Putative Intervenor City Council Was Legally Authorized To Either File The Motion To Intervene (Doc. 009) Or Employ Attorneys To File The Motion To Intervene (Doc. 009), Putative Intervenor City Council Fails To Satisfy The Requirements Of Fed R. Civ. P. 24 To Intervene Of Right Or Permissive

Fed R. Civ. P. 24 authorizes two types of intervention: (1) intervention of right and (2) permissive intervention.

A movant is entitled to intervention as of right if '(1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [it] seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect [its] interest; and (4) the existing parties do

not adequately represent the potential intervener's interest.' *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (citations omitted).

A movant is entitled to permissive intervention if '(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.' League of United Latin Am. Citizens, Council No. 4434 v. Clements, 884 F.2d 185, 189 (5th Cir. 1989)(citations omitted).

*Price v. Daigre*, 2011 U.S. Dist. LEXIS 139652, *2-3, 2011 WL 6046313 (S.D. Miss.November 5, 2011).

Fed. R. Civ. Proc. 24(a)(1) also "allows intervention of right" when a statute of the United States confers an unconditional right to intervene." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 577, 2007 U.S. App. LEXIS 17788, *15 (5th Cir. 2007). No United States statute provides the Putative Intervenor City Council an unconditional right to intervene in this case.

Putative Intervenor cites several cases in support of its Motion to Intervene. As discussed in this Memorandum, the facts, in this case, are distinguishable, and the cases do not support intervention by the CC.

The CC claims that intervention should be allowed because "no one would be hurt and the greater justice could be attached," citing *Sierra Club v. Espy*, 18 F. 3d 1202, 1205 (5th Cir. 1994). However, the aforesaid is only one of the factors that *Espy* considered in determining the timeliness of the motion to intervene. The Court explained that the "requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Id.* Therefore, Federal courts have concluded that when analyzing the timeliness of a motion to intervene, intervention should be allowed "where no one would be hurt and greater justice could be attained." *Id.* Continuing, the Court in

*Brown v. Jefferson Parish Sch. Bd*., 2021 U.S. Dist. LEXIS 46617, *15, 2021 WL 949679 (E.D. LA 2021) explained that the "inquiry 'is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate.'"

Further, it remains that a party seeking to intervene as of right must satisfy the four requirements of Rule 24. And, "[i]f a party seeking to intervene fails to meet any one of those requirements, it cannot intervene as a matter of right." *Espy,* 18 F. 3d at 1205.

Moreover, the Movant pleadings in this case clearly show that intervention would expand the record with extraneous issues involved in the battle between the legislative and executive branches of COJ and numerous unsupported contentions designed by the CC to confuse the core issue raised in the Plaintiff's Complaint. Such eventuality would confuse the issues to the existing parties' detriment and divert time and resources from the issues relevant to resolving this matter.

"A motion pursuant to Rule 24 'must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.' Fed.R.Civ.P. 24(c)." *Price*, 2011 U.S. Dist. LEXIS 139652, *3. The Putative Intervenor CC's Motion to Intervene in this proceeding was "not accompanied by a pleading that sets out the claim . . . for which intervention is sought" as required by Fed. R. Civ. P. 24(c). Therefore, Putative Intervenor CC should be precluded from intervention in this case.

The second element of intervention as of right under Fed. Rule Civ. P. 24(a) is that the movant must have an interest "related to the property or transaction that forms the basis of the controversy." *Price*, 2011 U.S. Dist. LEXIS 139652, *8. "Rule 24(a) requires a direct, substantial, legally protectable interest in the action, meaning 'that the interest be one which the *substantive* law recognizes as belonging to or being owned by the

applicant… (emphasis in original).'" *Cajun Electric Power Coop., Inc. v. Gulf State Utilities, Inc*., 940 F.2d 117, 119 (5th Cir. 1991); *Price, supra.* The interest in this action belongs not to the City Council but to the COJ, a municipal corporation, a distinct legal entity created with the "power to sue and be sued." Miss. Code Ann. § 21-17-1(1). COJ operates under a mayor-council form of government, under which the Mayor exercises the City's executive power (Miss. Code Ann. § 21-8-15), and the seven-member City Council serves as the City's legislative body (Miss. Code Ann. § 21-8-9). The City Council is a part of the governing authority of COJ, not a separate entity.

An Intervenor Movant must show that it has "a direct, substantial, legally protectable interest in the proceeding." *Pric*e, 2011 U.S. Dist. LEXIS 139652, *8. CC bases its Motion on the false premise that Plaintiff's claim for payment is under a contract. Plaintiff, however, seeks relief against the COJ based on the value of services that the COJ requested and received from Plaintiff as a good faith vendor under Miss. Code Ann. Section 31-7-57(2). The City Council does not seek relief based on some legislative function. "Once taxes have been levied and appropriations made, the legislative prerogative ends, and executive responsibility begins to administer the appropriation and to accomplish its purpose, subject, of course, to any limitations constitutionally imposed by the legislature." *Alexander,* 441 So. 2d at 1341.

The real interest asserted by the City Council as a basis for intervention is a purely economic interest and the City Council's dissatisfaction with the vendor chosen by the COJ. "'[W]hat is important is 'whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case comes out a certain way[.]'… a purported interest 'is insufficiently direct when it requires vindication in a separate legal action or the intervenor is too removed from the dispute.'… An interest that is "'purely 'ideological, economic, or precedential'"

is also insufficient. *La Union del Pueblo Entero*, 29 F.4th at 305 (quoting *Texas*, 805 F.3d at 657)."

*Field v. Anadarko Petro. Corp*., 35 F.4th 1013, 1018-1019, 2022 U.S. App. LEXIS 15746, *7 (5th Cir. 2022). "In addition, '[t]he real party in interest requirement of Rule 17(a), Fed. R. Civ. P., 'applies to intervenors as well as plaintiffs,' as does also the rule that 'a party has no standing to assert a right if it is not its own.'" *Price,* 2011 U.S. Dist. LEXIS 139652, *9.

*Assuming arguendo* that CC has a cognizable right for intervention under Rule 24(a), such an interest "does not inevitably result in a right to intervention." *Cajun Electric Power*, 940 F.2d at 120. CC may intervene as of right only if it shows that the parties will not adequately represent its interest. *Haspel & Davis Milling & Planting Co., supra*; *Hopwood v. Texas*, 21 F.3d 603, 1994 U.S. App. LEXIS 10404 (5th Cir. 1994). To the extent that the CC has a cognizable interest, it would be adequately protected by COJ in this case.

> 'The [would-be intervenor] "need not show that the representation by existing parties will be, for certain, inadequate.'" *Entergy Gulf States*, 817 F.3d at 203 (quoting *Brumfield*, 749 F.3d at 345). While "the burden 'cannot be treated as so minimal as to write the requirement completely out of the rule,' *id.* (quoting *Haspel*, 493 F.3d at 578), the would-be intervenor need only show that representation of their interests 'may be' inadequate[,] and the burden of making that showing should be treated as minimal." *Edwards*, 78 F.3d at 1005 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972)).
>
> To ensure that this requirement' ha[s] some teeth,' two presumptions exist. *Brumfield*, 749 F.3d at 345. The first presumption is inapplicable here because it 'is restricted . . . to . . . suits involving matters of sovereign interest,' applying only 'when the putative representative is a governmental body or officer charged by law with representing the interests of the absentee.' *Edwards*, 78 F.3d at 1005. The second presumption 'arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit.' *Id.* In this situation, the would-be intervenor 'must demonstrate adversity of interest, collusion, or nonfeasance' to surmount the presumption of adequate representation by the existing parties.17 *See Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978) (internal quotation marks omitted) (quoting *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir.

> 1976)); *see also Ordnance Container Corp. v. Sperry Rand Corp.*, 478
> F.2d 844, 845 (5th Cir. 1973) (per curiam) ('[S]ince the ultimate objectives
> of both [the plaintiffs] and [the would-be intervenor] . . . are
> identical, the presumption is that the interests of [the would-be intervenor]
> will be adequately protected by [the plaintiffs].').

*In re Toyota Hybrid Brake Litig*., 2020 U.S. Dist. LEXIS 194964, *38-40, 2020 WL 6161495 (E.D.

Tex., October 21, 2020).

The first presumption applies to the CC's Motion to Intervene. This suit does involve a

matter of sovereign interest. "In a suit involving a matter of sovereign interest, the State is

presumed to represent the interests of all of its citizens. *New Orleans Public Service v. United Gas

Pipe Line Co*., 690 F.2d 1203, 1213 n.7 (5th Cir. 1982), cert. denied, 469 U.S. 1019, 83 L. Ed. 2d

360, 105 S. Ct. 434 (1984); *Environmental Defense Fund, Inc. v. Higginson*, 203 U.S. App. D.C.

156, 631 F.2d 738, 740 (D.C.Cir. 1979). Because Texas is already a party, 'the applicant

for intervention must demonstrate that its interest is in fact different from that of the state and that

the interest will not be represented by the state.'" *Hopwood*, 21 F.3d at 605. Similarly, in the case

sub judice, the COJ, like the City Council, represents the citizens of Jackson, Mississippi. Pursuant

to Miss. Code Ann. §21-15-25, the governing authorities of a municipality are authorized to

appoint or employ an attorney to represent the interests of the municipality. Such an attorney has

been employed by the City of Jackson and represents the City of Jackson in this matter. Under

these circumstances, "[t]here is no authority for the city council to appoint a council attorney to

advise or render legal assistance to the city council. With respect to the city attorney appointed

pursuant to Section 21-15, we have consistently opined that such attorney represents the

municipality and advises the entire municipality. The attorney represents the municipality, not one

or more officers." MS AG Op.*,* No. 99-0063, 1999 Miss. AG LEXIS 82; MS AG Op., No. 2002-

0004, 2002 Miss. AG LEXIS 25. Accordingly, the CC's interest in this matter is adequately

represented by the statutorily appointed legal counsel for the City of Jackson. The City Council

has no authority to appoint city legal officials, municipal judges, and agents charged with the duty of enforcement of the laws. *Jordan,* 669 So. 2d 752.

The CC's Motion to Intervene is, in reality, a disagreement over what it anticipated to be the trial strategy. Federal courts "generally agree that the requirement of Rule 24 would have no meaning if 'disagreement with an existing party over trial strategy qualified as inadequate representation,'" *In re Toyota Hybrid Brake Litig.,* 2020 U.S. Dist. LEXIS 194964, *45.

> [D]isagreement over litigation decisions is almost always insufficient to demonstrate inadequate representation under Rule 24(a)(2). Unless decisions lawyers make in the course of litigation actually threaten the fair and adequate representation of a putative class's interests, these choices would not fall 'within the purview of the federal courts.' Cf. United States v. Perry Cnty. Bd. of Ed., 567 F.2d 277, 280 (5th Cir. 1978). If this sort of decision did in fact suffice to show inadequate representation, 'intervention of right would become almost automatic.' Stadin, 309 F.2d at 919. In fact, the Perry County case supports the notion that a 'mere difference of opinion concerning the tactics with which the litigation should be handled does not[,under Rule24(a)(2),] make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit.' 7C Wright et al., supra, §1909; see Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir.1987) (citing Perry Cnty. Bd. of Ed., 567 F.2d at 280); Jenkins, 78 F.3d at 1275 (same); see also Saldano v. Roach, 363 F.3d 545, 555 (5th Cir. 2004) (holding that the Texas Attorney General's litigation decision did not 'make[] him an inadequate representative of the State's interest' in a particular matter).

*In re Toyota Hybrid Brake Litig.,* 2020 U.S. Dist. LEXIS 194964, *44-45.

Finally, and ultimately, the District Court will interpret the law applicable to Plaintiff's case. CC's participation, in this case, will not change that fact.

"Moreover, '[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means.'" *Price,* 2011 U.S. Dist. LEXIS

139652, *10-11. As in *Price*, CC "has the ability to protect any interest it may have by filing an action in Mississippi state court." *Id.*

"Finally, permissive intervention requires an independent jurisdictional basis. *Harris v. Amoco Prod. Co*., 768 F.2d 669, 675 (5th Cir. 1985); *E.E.O.C. v. Nat'l Children's Ctr.,* 146 F.3d 1042, 1046, 331 U.S. App. D.C. 101 (D.C. Cir. 1998); 13b Wright, et al., Federal Practice and Procedure 2d § 3608 (1984) ('permissive intervenors under Rule 24(b) are required to meet jurisdictional requirements so that the existence of diversity must be redetermined at the time intervention is requested)." *Price*, 2011 U.S. Dist. LEXIS 139652, *12-13. Movant's motion is against the Mayor of COJ. Like *Price,* the Movant and the Mayor are resident citizens of Mississippi; thus, diversity jurisdiction is lacking, and no other basis for jurisdiction is prevalent. And like *Hopson,* the proposed intervenors' interests are adequately being represented by the Defendant in the case, and adding the intervenors to the lawsuit would needlessly increase costs and delay the disposition of the litigation.

## IV.

### Putative  Intervenor CC's Motion to Intervene and Supporting Memorandum of Law (Docs. 009) Violates The Provisions of L. U. Civ. R. 7(b)(2)(B) & (4) And Fed. R. Civ. P. 26(c)

Herein, Putative Intervenor initially filed its  Motion to Intervene and Supporting Memorandum of Law (Docs. 008) with Exhibit A attached and not "filed under the same docket entry and denominated separately in the court's electronic filing system as exhibits to the motion" as required by L. U. Civ. R. 7(b)(2). Afterward, the Clerk sent Putative Intervenor CC the following DOCKET ANNOTATION:

DOCKET ANNOTATION as to # 8: Multiple documents filed as one pleading. Attorney is directed to file each document separately (the same PDF document should be used) selecting correct event. (LAT) (Entered: 07/29/2022)

In response, Putative Intervenor filed its Motion to Intervene and Supporting Memorandum of Law (Docs. 009), which was identical to its Motion to Intervene and Supporting Memorandum of Law (Docs. 008), except Exhibit A, was denominated separately in the court's electronic filing system as an exhibit. The newly filed Motion to Intervene and Supporting Memorandum of Law (Docs. 009) still contained the additional violations of L. U. Civ. R. 7(b)(2).

A.

## Failure To "File A Memorandum Brief As A Separate Docket Item From" Its Motion

L. U. Civ. R. 7(b)(1)(2) & (4) explicitly states in relevant part the following regarding support memorandums:

Rule 7. Motions and other papers.

\*\*\*

(b) Motion practice. — Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule.

(**1**) **Applicability.** —The provisions of this rule apply to all written motions filed in civil actions.

(**2**) Filing**, Deadlines, Proposed Orders.** — Any motion, response, rebuttal and supporting exhibits, including memorandum briefs in support, must be filed. All affidavits, 28 U.S.C. § 1746 declarations, and other supporting documents and exhibits, excluding the memorandum brief, must be filed as exhibits to the motion, response or rebuttal to which they relate. **The memorandum brief must be filed as a separate docket item from the motion or response and their exhibits**. … **Counsel must file a memorandum brief as a separate docket item from the motion or response to which it relates and must not make the memorandum brief an exhibit to a motion or response**, except in the case of a motion for leave to submit the referenced memorandum brief.

\*\*\*

**(4) Memorandum briefs; Documents required with motions; Time limits; Failure to submit required documents; Motions not reurged.** —

At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion. … **Failure to timely submit the required motion documents may result in the denial of the motion**. (Emphasis added)

Herein Punitive Intervenor CC filed just one document entitled "Motion to Intervene and Supporting Memorandum of Law" (Doc. 009) in violation of the above-cited provision of L. U. Civ. R. 7(b)(1)(2) & (4).

B.

**The Motion (009) Exceeded Four (4) Pages and Contained The Grounds For The Request And Legal Arguments And Citations To Case Law And Other Secondary Authority.**

L. U. Civ. R. 7(b)(2) (B) specifically states the following regarding the length of motions:

**Rule 7. Motions and other papers.**
\*\*\*
**(b) Motion practice**. — Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule.
**(1) Applicability.** — The provisions of this rule apply to all written motions filed in civil actions.

**(2) Filing, Deadlines, Proposed Orders.** — Any motion, response, rebuttal and supporting exhibits, including memorandum briefs in support, must be filed.
\*\*\*

**(B)** Other than discovery motions under Rule 37, **a motion may not exceed four pages**, excluding exhibits, **may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority.** (Emphasis added)

Putative Intervenor's Motion to Intervene and Supporting Memorandum of Law (Doc. 009) herein exceeded four (4) pages in length. Further, it contains legal arguments and citations in the body of the Motion (Doc. 009). Hence it violates L. U. Civ. R. 7(b)(1)(2) & (4) and L. U. Civ. R. 7(b)(2) (B).

Motions of parties containing the above-identified violation of L. U. Civ. R. 7(b)(1)(2) & (4) and L. U. Civ. R. 7(b)(2) (B) are frequently denied solely because of those violations. *Fried Alligator Films, LLC v. N.Y. Life Ins. Co*., No. 4:16-CV-175-DMB-JMV, 2017 U.S. Dist. LEXIS 160858 (N.D. Miss. Sep. 29, 2017). Therein the Court ruled:

> Even if Willis' joinder filing was deemed to constitute his own summary judgment motion (to the extent it goes beyond adoption of NYL's motion), such does not comply with the Court's local procedural rules. See L.U. Civ. R. 7(b)(2) ("memorandum brief must be filed as a separate docket item from the motion"), 7(b)(2)(B) ("motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority"),19 7(b)(4) ("At the time the motion is served, ... counsel for movant must file a memorandum brief in support of the motion"). For all such reasons, Willis' arguments beyond those encompassed by his joining NYL's motion, are stricken.

*Id* at 2017 U.S. Dist. LEXIS 160858, at *40-41

Likewise, the Court in *Pennymac Loan Servs. v. Innovated Holdings*, No. 2:19cv193-HSO-MTP, 2021 U.S. Dist. LEXIS 213057 (S.D. Miss. May 11, 2021) ruled that violations of the above identified provision of L. U. Civ. R. 7(b)(1)(2) & (4) and L. U. Civ. R. 7(b)(2) (B) are grounds for denial of a motion containing those violations:

> The Court could also deny Plaintiff's Motion [203] because it violates the Local Rules. Local Rule 7(b)(2)(B) provides that "[o]ther than discovery motions under Rule 37, a motion may not exceed four pages, excluding exhibits . . . ." L.U. Civ. R. 7(b)(2)(B). Plaintiff's Motion [203], which is eight pages including the two-page certificate of service, exceeds this page limitation. Plaintiff is cautioned to observe this Rule in all future filings.

*Id* at 2021 U.S. Dist. LEXIS 213057, at *11 n.3

## C.

### The Motion Was Not Accompanied By A Pleading That Sets Out A Defense For Which Intervention Is Sought In Violation Of Fed. R. Civ. P. Rule 24(c)

Fed. R. Civ. P. Rule 24(c) states as following:

# Rule 24. Intervention

***

**(c) Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Herein Putative Intervenor CC did not attach to its motion a pleading that sets out a defense from which intervention is sought as required by Fed. R. Civ. P. Rule 24(c).

The above violations by Putative Intervenor CC of  L. U. Civ. R. 7(b) and Fed. R. Civ. P. Rule 24(c) demonstrates the disregard of the Local Rules of this Court and the Federal Rules of Civil Procedure by Putative Intervenor CC. RDI respectfully submits that the said violations are additional grounds for denying Putative Intervenor's Motion to Intervene and Supporting Memorandum of Law (Doc. 009).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully urges the Court to deny the City Council's Motion to Intervene because:

1. Putative Intervenor City Counsel is a Branch of Defendant City of Jackson And Not A Separate Governmental Entity Which Can Advocate a Position Contrary to Defendant City of Jackson in A Legal Proceeding Or Retain Counsel To Represent It;

2. No Order allowing Putative Intervenor Jackson City Counsel To Employ An Attorney and Authorizing the Filing of A Motion To Intervene Is Either Attached To Or Cited In The Motion to Intervene Filed by Putative Intervenor Jackson City Counsel;

3. Putative Intervenor Jackson City Counsel failed to satisfy the requirements of Federal Rule of Civil Procedure 24; and

4. Putative  Intervenor CC's Motion to Intervene and Supporting Memorandum of Law (Docs. 009) violates the provisions of L. U. Civ. R. 7(b)(2)(B) & (4) and FRCivP 26(c).

RESPECTFULLY SUBMITTED
RICHARD'S DISPOSAL INC.

BY: **/s/ John L. Walker**
JOHN L. WALKER MSB (#6883)
GLORIA J. GREEN (MSB#4989)
WALKER GROUP, PC
1410 LIVINGSTON RD, SUITE A
P.O. BOX 22849
JACKSON, MS 39225-2849
PHONE (601) 948-4589
FAX: (601) 354-2507

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that I electronically filed the above document with the Clerk of the Court using

the Court's electronic filing system, which sent notification of the filing to all attorneys of record.

This the 12th day of August 2022.

/s/ John L. Walker
JOHN L. WALKER