**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**RICHARD'S DISPOSAL, INC.**                                                                                  **PLAINTIFF**

**VS.**                              **CAUSE NO.: 3 :22-CV-00396-KHJ-MTP**

**CITY OF JACKSON, MISSISSIPPI**                                         **DEFENDANT**

**THE CITY COUNCIL OF JACKSON,
MISSISSIPPI**                        **INTERVENOR**

---

**THE CITY COUNCIL OF JACKSON, MISSISSIPPI'S REBUTTAL SUPPORTING ITS MOTION TO INTERVENE AND SUPPORTING MEMORANDUM OF LAW**

---

COMES NOW The City Council of Jackson, Mississippi, ("The City Council"), by and through the undersigned counsel, and files this its Rebuttal Supporting its Motion to Intervene and Supporting Memorandum of Law, and in support thereof would show this Court the following, to-wit:

**INTRODUCTION**

The facts in this case create a truly unique situation. Factually, the Mayor approved and authorized the Plaintiff to commence performance of a solid waste contract. He did so without the authority of the City Council. Thereafter, the Plaintiff sought to have the City Council pay its claims in the amount set out in the contract. At the time of the filing of this suit, state court litigation had occurred in an attempt to define the authority of the Mayor and the City Council with regard to the alleged contract. In *Chokwe A. Lumumba, in his official capacity as Mayor of Jackson, MS v. The City Council of Jackson, MS, Waste Management of Mississippi, Inc., Intervenor, Waste Disposal, Inc., Intervenor, Richard's Disposal, Inc. Intervenor;* In the Chancery

Court of Hinds County, Mississippi, First Judicial District; Cause No.: 25CH1:22-cv-00281, the Chancery Court held, "Whether a contract binding the City of Jackson for solid waste disposal is negotiated through the RFP process or pursuant to emergency authority under Miss Code Section 33-15-17(b), the contract is not a binding contract that is enforceable against the City of Jackson unless and until it has been properly approved by the Council." (MEC Doc. 60, attach hereto as Exhibit "A.)  In a separate action, *The City Council of Jackson, Mississippi v. Chokwe A. Lumumba, In His Official Capacity as Mayor of the City of Jackson*, Cause No. 25CH1:22-cv-00571, the Chancery Court held that the Mayor has no power to veto an ordinance that was not adopted by the City Council. (See MEC Doc. 22, attached to The City Council's Motion to Intervene ECF # 8-1 filed herein.)  The Mayor and City Council now find themselves in an untenable situation.  There presently exists a strong probability that either the individual members of the City Council or the Mayor is likely to face personal liability if the Court requires certain action.

## ARGUMENT

Under Mississippi law, the City Council must approve the contract with the Plaintiff before it becomes enforceable. Miss. Code Ann. § 21-15-33.  This has not been done.  As a result, if the City Council had voted to approve the payments sought by Plaintiff each Council member and their surety would have been liable, both jointly and severally, for the amounts paid. Miss. Code Ann. § 25-1-73 ("Any such public official who shall unlawfully pay any public funds to himself, or who shall knowingly and designedly pay such funds to any other person not entitled thereto without allowance regularly made by the proper authority, shall be liable on his official bond for all costs of recovery of such funds, including the commissions, if any, which may be due to the

officer making the collection.")  This has been confirmed with the office of the State Auditor.  On the other hand, the Mayor and his sureties run the risk of personal liability for funds under a contract he authorized not properly authorized by the City Council. *Id.*

Under the circumstances of this case, the office of the City Attorney is faced with a conflict of interest without solution.  If the City Attorney proceeds in one manner it may subject individual council members to personal liability.  If it proceeds in another, it may subject the Mayor to significant personal liability.

### I.   Mississippi Law Permits the City Council to Hire Legal Representation

Mississippi law permits the City Council to hire legal counsel to represent its interests in this matter. In *McAdams v. Perkins*, the Supreme Court of Mississippi held "the plain language of Section 25-1-47 permits the council to hire legal representation even if no city officials are named as defendants in a lawsuit." 204 So. 3d 1257, 1262 (2016).  The Supreme Court held further that Miss. Code Ann. Section 21-17-5 permitted the council to hire legal counsel. *Id*.

*McAdams* involved an election contest between the two candidates that ran for mayor of the City of Greenwood. Id. at 1259.  The plaintiff, who lost the election, filed an election contest against the defendant who won the election, in her individual capacity. *Id*.  Based on an Attorney General's Opinion received by their city attorney, the city council passed a resolution to hire legal counsel to represent their interests because it determined that it had an interest in the election contest and the claims asserted involved the actions of various city officials. *Id*. at 1260.  The trial court held that Section 25-1-47 "clearly prohibited the Council from authorizing the employment of legal counsel to defend the election contest" because the action was only between  private litigants and no claims were brought against the defendant in her official capacity. *Id*. at 1262. The Supreme Court overruled the trial court's decision and held that the plain language of Section 25-

1-47 permitted the council to hire legal counsel, regardless of there being no city officials named as defendants. *Id*. The Supreme Court held "[w]hile it is true that a municipal officer is not a proper party to an election contest, we find that Section 25-1-47 permits the governing authorities of a municipality to defend 'claims' challenging the official actions of municipal officers, regardless of whether municipal officers are named defendants." *Id*. at 1263.

Although the City Council is not a named defendant, Plaintiff's Complaint makes allegations against it by failing to authorize payments on the docket of claims. The members of the City Council could be subject to personal liability depending on the outcome of this matter. Therefore, Mississippi law authorizes it to hire counsel to defend its interest.

## II.    IMPROPER FILING

Counsel for The City Council followed the direction of the took the advice of the United States District Court ECF Docket Annotation by refiling "the same PDF document" as it Memorandum in Support of Motion to Intervene. If we are wrong in our filing process, we ask for leave to correct this minor clerical error.

## CONSLUSION

We request that at the very least the individual City Council members should be allowed to intervene to protect their interest. Should the Court find that the City Council not be allowed to intervene, the individual members of the City Council should, in the alternative be permitted to intervene to protect their intertest.

Respectfully submitted, this the 19th day of August, 2022.

**THE CITY COUNCIL OF JACKSON, MISSISSIPPI**

By: Mills, Scanlon, Dye & Pittman

By: __/s/ John P. Scanlon_____

          Special Counsel for The City Council of Jackson, Mississippi

OF COUNSEL:

Jerry L. Mills, Esq. [MSB #3324]
John P. Scanlon, Esq. [MSB #101943]
Zachary L. Giddy, Esq. [MSB #106297]
MILLS, SCANLON, DYE & PITTMAN
800 Avery Blvd. North, Suite 101
Ridgeland, MS 39157
Telephone: (601)957-2600
Facsimile: (601)957-7440
jmills@millsscanlon.com
jscanlon@millsscanlon.com
zgiddy@millsscanlon.com

DESHUN T. MARTIN, MSB# 101526
*MARTIN AND MARTIN, P.A.*
Attorneys & Counselors
228 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 355-0955
Facsimile: (601) 355-0957
Email: DTMartin@4MartinsAtLaw.com
    *Independent Special Counsel for Intervenor The City Council of Jackson, Mississippi, Mississippi*

## CERTIFICATE OF SERVICE

    I, John P. Scanlon, one of the attorneys for Intervenor The City Council of Jackson, Mississippi, do hereby certify that on this day I electronically filed the foregoing with the Clerk of this Court using the CM/ECF, which sent notification of such filing to all counsel of record.

    This the 19th day of August, 2022.

                                /s/ *John P. Scanlon*
                                John P. Scanlon