IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD'S DISPOSAL, INC.**                                                                                    **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 3:22-cv-396-KHJ-MTP**

**CITY OF JACKSON, MISSISSIPPI**                                           **DEFENDANT**

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* for case management purposes. On July 13, 2022, Plaintiff Richard's Disposal, Inc. filed this action seeking payment from Defendant City of Jackson, Mississippi ("the City") for solid waste collection services provided by Plaintiff. *See* Complaint [1]. According to Plaintiff, on February 17, 2022, it entered into an Emergency Agreement with the City wherein the City contracted with Plaintiff to collect solid waste for a one-year period for a specified fee. On April 1, 2022, however, the City Council refused to approve the Emergency Agreement. That same day, the Mayor of the City delivered to the City Council his written objection or "veto" of the City Council's disapproval of the Emergency Agreement.

Plaintiff alleges that it began solid waste collection on April 1, 2022, and continued to provide this service through the date of the filing of its Complaint [1].[1] In this action, Plaintiff seeks payment from the City based on the claims of quantum meruit and unjust enrichment.

On May 11, 2022, the City Council filed an action against the Mayor in the Chancery Court of Hinds County, Mississippi, First Judicial District, asking that court to rule that "the Mayor's attempt to veto the City Council's negative vote is illegal and that the Mayor's veto

---

[1] The parties have informed the Court that Plaintiff has continued to provide this service through the date of this Order.

does nothing to constitute effectuation of any proposed contract with was never approved by the Council." *See* [1-9]. On July 15, 2022, the chancery court ruled that Mississippi law does not permit the Mayor to veto a matter not adopted by the City Council and held that the Mayor's attempted veto of the Emergency Agreement is "without effect." *See* [8-1].

The parties have informed that Court that the Mayor has appealed the chancery court order to the Mississippi Supreme Court, which has granted a motion for an expedited decision. Following a conference with the parties, and given that the issue of the validity of the Emergency Agreement and the actions taken are before the Mississippi Supreme Court and the supreme court's decision may affect the issues pending before this Court, the Court finds that the parties should show cause why this action should not be stayed pending a ruling from the Mississippi Supreme Court on the Mayor's appeal.

IT IS, THEREFORE, ORDERED that on or before October 18, 2022, the parties shall show cause why this action should not be stayed pending a ruling from the Mississippi Supreme Court on the Mayor's appeal of the Chancery Court's Order [8-1].

SO ORDERED this the 4th day of October, 2022.

        s/Michael T. Parker
        UNITED STATES MAGISTRATE JUDGE