IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI NORTHERN DIVISION

**RICHARD'S DISPOSAL, INC.**                                                                                  **PLAINTIFF**

**VS.**                                     **CAUSE NO. 3:22-CV-00396-KHJ-MTP**

**CITY OF JACKSON, MISSISSIPPI**                                          **DEFENDANT**

---

### RICHARD'S DISPOSAL, INC.'S MOTION FOR SUMMARY JUDGMENT

---

COMES NOW, Richard's Disposal, Inc. ("RDI"), by and through its attorneys, pursuant to Rule 56 Fed. R. Civ.P. and moves the Court for a summary judgment Defendant City of Jackson, Mississippi ("COJ") warranting the immediate payment of the fair market value of the solid waste collections services rendered to Defendant COJ based on the following:

1. Miss. Code Ann. §31-7-57(2), for services that COJ both requested, authorized, and accepted from RDI and performed by RDI;

2. Quantum meruit for services requested and accepted by COJ and performed by RDI to the benefit of COJ and its residents; and

3. Unjust enrichment for substantial and valuable benefits received by COJ and its residents pursuant to the waste collection services performed by RDI for COJ and its residents.

The following facts in support of RDI's Motion for Summary Judgment are undisputed:

1. On September 30, 2021, COJ executed a "Contract for Waste Collection Services" with Waste Management of Mississippi, Inc. ("WM"). (RDI Complaint, Doc. 1. Paragraph 6 and COJ answer Doc. 10, Paragraph 6).

2. On February 17, 2022, the Mayor of COJ issued his "Mayoral Proclamation of Local Emergency City of Jackson, Mississippi" (Doc. 1-1), according to Miss. Code Ann. §33-15-5(d), declaring a local emergency for the COJ based on the then-impending March 31, 2022, expiration of the then-existing emergency contract for collecting residential solid waste. (Doc. 1, Par. 5 and Doc. 10, Par. 5).

3. On February 17, 2022, COJ and RDI executed an Emergency Agreement (Doc. 1-3) wherein COJ contracted with RDI to collect waste for one year for the same fee and under the same conditions as the COJ's contract for the collection of solid waste with Waste Management of Mississippi, Inc. which Emergency Agreement ended on March 31, 2022. (Doc. 1, Par. 6 and Doc. 10, Par. 6)

4. On February 24, 2022, the Mayor of COJ transmitted to RDI a Notice to Proceed (Doc. 1-4) with solid waste services effective April 1, 2022, and requested RDI to execute and return the Notice to Proceed to the Mayor of COJ. (Doc. 1, Par. 7 and Doc. 10, Par. 7).

5. On February 25, 2022, RDI executed the Acknowledgement of Receipt of Notice to Proceed (Doc. 1-5) and transmitted it to the Mayor of COJ. (Doc. 1, Par. 8 and Doc. 10, Par. 8)

6. RDI, pursuant to the Notice to Proceed, was instructed by the Mayor to take the actions necessary to be able to begin waste collection services on April 1, 2022. (Affidavit of Mr. Alvin L. Richard, Jr., attached as Exhibit 1).

7. On or about April 1, 2022, RDI was called by the Mayor of the COJ to reaffirm that RDI would begin rendering services on April 1, 2022, and provide further instructions to proceed with the anticipated collection services. (Exhibit 1)

8. Subsequently, on April 1, 2022, the Mayor of the COJ provided RDI with an additional correspondence seeking to reaffirm that RDI would begin rendering services on April 1, 2022, and to provide further instructions to proceed with the anticipated collection services. (Doc 1-5 and Exhibit 1)

9. RDI expended considerable funds and other resources to prepare for the emergency garbage collection services requested by the COJ. (Exhibit 1)

10. RDI began waste collection services for the City of Jackson on April 1, 2022. (Doc. 1, Par. 15, Doc. 10, Par. 15 and Exhibit 1)

11. Since the start of the waste collections services on April 1, 2022, RDI has continued to perform and provide solid waste collection services according to the Notice to Proceed, instructions from the Mayor of the COJ, and directives of the City Council of the COJ to the Mayor, for the subsequent months including May, June, July, August and September 2022. (Doc. 1, Par. 15 and Doc. 10, Par. 15 and Exhibit 1)

12. RDI has never been instructed to stop performing the waste collection services for the COJ by any COJ officer, individual, entity, director, and/or COJ administrative body/representative. (Exhibit 1)

13. On April 14, 2022, the City Council of COJ filed a pleading in the Circuit Court of the First Judicial District of Hinds County, Mississippi (No. 25CI1:22-cv-00194-EFP) entitled First Amended Answer and Affirmative Defenses of the City Council of Jackson, Mississippi to Emergency Complaint for Declaratory Judgment and

Counter-Claim Against Plaintiff Mayor Lumumba for Declaratory, Equitable and Injunctive Relief (Doc. 1-8). In the pleading, the City Council specifically recognized, on page 7, paragraph 11, "the public health implications of garbage pickup during the duration of this matter and asks that the Mayor continue to provide for garbage pickup during this time of self-declared crisis." (Doc. 1, Par. 13 and Doc. 10, Par. 13)

14. On May 11, 2022, the City Council filed a Complaint for Declaratory Judgment and Motion for Injunctive Relief in the Chancery Court of the First Judicial District of Hinds County, Mississippi (No. G2022-571 T/1), (Doc 1-9) declaring, on page 6, paragraph 17, that the City Council (the Plaintiff) "recognizes the public health implications of garbage pickup during the duration of this matter, and Plaintiff, therefore, asks that the status quo continue with regard to the provision of garbage pickup service during this time of self-declared crisis." (Doc. 1, Par. 14 and Doc. 10, Par. 14)

15. On July 5, 2022, the Council filed a Response in the Chancery Court case (No. G2022-571 T/1) to the Mayor's Motion to Dismiss Complaint for Declaratory Judgment, asserting that "the issues in this suit involve a substantial point of municipal law, that being whether a mayor can veto a negative action." (Exhibit 4 Paragraph 6).

16. In yet another pleading (Response to Mayor's Motion for Summary Judgment) (No. G2022-571 T/1), dated July 5, 2022, the Council persisted with its position that "the precise issue before this Court is neither central to multiple, ten-month-old, affirmative votes and vetoes thereto, nor to any one particular council vote or

mayoral veto; the issue is much larger effecting the City's governance." (Exhibit 5 Section 1, Page 3).

17. On July 8, 2022, John Scanlon, Esq., Attorney for the City Council in (No. G2022-571 T/1), stated that the City Council wanted to continue the status quo and not stop the garbage from being picked up. Specifically, during proceedings before the Special Chancellor, Larry E. Roberts, on the City Council's Complaint in (No. G2022-571 T/1), the following occurred in open court:

> the city council does not want to create a situation where people who live in Jackson -- and I'm one of them, so I'm glad that they feel this way -- are not being delivered the provision of garbage collection services.

> They are not saying with the status quo that they are picking any one particular vendor for one particular contract. I think that it's been misread as that and on social media and some other news outlets. They're simply saying they don't want to be viewed as -- even though they're bringing this very important legal question to the Court -- as putting the brakes on the provision of garbage collection services to its citizens. They are trying to have a legal question answered which is much, much larger than the question as to who should have the garbage contract.

(Exhibit 6)

18. In May and June 2022, RDI submitted monthly invoices to COJ for $808,035.00 each (Docs. 1-10 and 1-11), the agreed-upon fair market value of its services based on the sum paid by the City under its prior year's contract for emergency solid waste services. (Doc. 1, Par. 16 and Doc. 10, Par. 16)

19. RDI submitted invoices for payment to COJ on May 6, 2022, for services rendered from April 1, 2022, through April 30, 2022 (Doc. 1-10), and on June 2, 2022 (Doc 1-11), for services rendered from May 1, 2022, through May 31, 2022. (Doc. 1, Par. 17 and Doc. 10, Par. 17)

20. Pursuant to Miss. Code Ann. §21-39-9 and COJ's AP Invoice Operational Policy (Doc Doc. 1-12)), COJ accepted RDI's May 6, 2022, invoice for payment by COJ and entered it on the claims docket for approval of payment by the City Council. (Doc. 1, Par. 18 and Doc. 10, Par. 18)

21. On May 24, 2022, the Claims Docket (Doc. 1-13), which included RDI's claim totaling $808,035.00, was presented to the COJ City Council. The City Council removed from the Claims Docket the invoice of RDI pursuant to a vote of five (5) in favor of removal and two (2) against removal. It approved seventy-one (71) claims that appeared on the Docket after RDI's claim per the May 24, 2022 COJ City Council Minutes (Doc. 1-13). (Doc. 1, Par. 19 and Doc. 10, Par. 19)

22. Miss. Code Ann. §21-39-9 requires COJ to pay claims in the order in which they are entered on the Claims Docket. Instead of complying with §21-39-9, COJ paid seventy-one (71) claims entered after the entry of RDI's claim on the May 24, 2022, Claims Docket. (Doc. 1-13) (Doc. 1, Par. 20 and Doc. 10, Par. 20)

23. RDI had no control of any error or failure by the COJ regarding the delivery of the agreement allowing the performance of emergency garbage pickup services by RDI (Exhibit 1)

24. RDI had no participation in any error or failure by the COJ in its agreement and arrangement authorizing the performance of emergency garbage pickup services. (Exhibit 1)

25. RDI had no actual knowledge of any error or failure by the COJ in its agreement and arrangement authorizing the performance of emergency garbage pickup services by RDI (Exhibit 1)

26. The fair market value of the solid waste collection services performed by RDI is $808,035.00 per month. (Doc. Nos. 1-2, 1-3, and 10).

27. The COJ has not paid RDI for its services since April 1, 2022. (Doc. 1, Par. 34 and Doc. 10, Par. 34)

28. RDI demanded payment from COJ. (Doc. 1, Par. 35 and Doc. 10, Par. 35)

29. COJ and the residents of Jackson, Mississippi, have benefited from RDI's services regarding collecting waste. (Doc. 1, Par. 24 and Doc. 10, Par. 24)

30. Since beginning waste collections services on April 1, 2022, RDI has continued to perform and provide solid waste collection services in good faith and according to the Notice to Proceed, instructions from the Mayor of the COJ, and directives of the City Council of the COJ to the Mayor to maintain the status quo on the garbage collection services, for the subsequent months including May, June, July, August and September 2022. (Exhibit 1)

31. On August 26, 2022, the Mayor appealed to the Mississippi Supreme Court the July 15, 2022 Order in (No. 2022-571 T/1), which ruled that the Mayor could not veto a negative vote of the Jackson City Council. (Exhibit 7)

32. In further support of its Motion for Summary Judgment, RDI relies upon all of the documents currently in the record herein, which are identified herein above, as well as the following identified numbered exhibits which are attached hereto:

| EXHIBIT NO. | DESCRIPTION |
| --- | --- |
| 1. | Affidavit Alvin L. Richard, Jr., President of RDI. |
| 2. | March 31, 2022 Opinion of Honorable Jess Dickinson, Special Chancery Judge in Hinds First District Chancery Court No. 22-cv-00281 |

| 3. | April 1, 2022 "Order Vacating the Court March 31, 2022 Opinion in Judgment and Substituting this Opinion and Judgment" of Honorable Jess Dickinson, Special Chancery Judge in Hinds First District Chancery Court No. 22-cv-00281. |
|---|---|
| 4. | Response of Jackson City Council to Mayor's Motion to Dismiss Complaint filed in Hinds First District Chancery Court No. 2022-571T/1 |
| 5. | Response of Jackson City Council to Mayor's Motion for Summary Judgment in Hinds First District Chancery Court No. 2022-571T/1 |
| 6. | July 8, 2022 Transcript of Proceedings in Hinds First District Chancery Court No. 2022-571T/1 |
| 7. | Docket of Mississippi Supreme Court Case No. 2022-TS-00855 regarding Appeal of Mayor Chokwe Lumumba v. Jackson City Council Final Judgment in Hinds First District Chancery Court No. 2022-571T/1 |

33. Plaintiff RDI Incorporates by reference its Memorandum in Support of Its Motion for Summary Judgment filed Simultaneously with its Motion for Summary Judgment.

                RESPECTFULLY SUBMITTED
                RICHARD'S DISPOSAL INC.

                BY:*/s/ John L. Walker*
                JOHN L. WALKER MSB (#6883)
                GLORIA J. GREEN (MSB#4989)
                **WALKER GROUP, PC**
                1410 LIVINGSTON RD, SUITE A
                P.O. BOX 22849
                JACKSON, MS 39225-2849
                PHONE (601) 948-4589
                FAX: (601) 354-2507

                ATTORNEYS FOR PLAINTIFF RDI

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the above document with the Clerk of the Court using the Court's electronic filing system, which sent notification of the filing to all attorneys of record. This the 5th day of October 2022.

/s/ John L. Walker
JOHN L. WALKER
